IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRISTIANO DINIZ, individually and on behalf of all those similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO.: _____ ) |
| ALPHA OB GYN GROUP, P.C. and DR. DANIEL E. MCBRAYER SR., | ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT

PLAINTIFF CRISTIANO DINIZ ("Plaintiff"), individually and on behalf of all others similarly situated, hereby files this Complaint against DEFENDANTS ALPHA OB GYN GROUP, P.C. and DR. DANIEL E. MCBRAYER SR. (collectively "Defendants") and for this cause of action states the following:

### *Nature of the Claim*

1. Plaintiff brings this action individually and on behalf of all others similarly situated – pursuant to the collective action provision of 29 U.S.C. § 216(b) – to redress Defendants' violations of the Fair Labor Standards Act 29 U.S.C. § 201 *et seq.* ("FLSA"), which have deprived Plaintiff and others similarly situated of their lawful wages.

2. This action seeks unpaid overtime compensation, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

### *Jurisdiction and Venue*

3. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.  Additionally, Defendants are subject to service in this judicial district; thus, this Court has personal jurisdiction.

4. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5. Plaintiff is a resident of Georgia and has been employed by Defendants since September 2003 at Defendants' medical office located in Marietta, Georgia.

6. Alpha OB GYN Group, P.C. ("Alpha") is organized under the laws of the State of Georgia and its principal place of business is located in Marietta, Georgia.

7. Dr. Daniel E. McBrayer Sr. ("McBrayer") is a resident of Georgia, subject to service at his principal place of business in Marietta, Georgia.

8. At all times relevant to this action, Defendants operated a medical office within this judicial district.

## *Factual Allegations*

9. At all times relevant to this action, Defendants were "employers" within the meaning of 29 U.S.C. § 203(d) and were not exempt from the overtime provisions of the FLSA.

10. At all times relevant to this action, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because they had employees engaged in commerce and because their annual gross sales volume exceeds $500,000.

11. At all times relevant to this action, Defendant McBrayer was Alpha's Chief Executive Officer, acted in the interest of an employer toward Plaintiff, exercised responsibility and control over Plaintiff's compensation and terms of employment, and was a corporate officer with operational control of a

corporation's covered enterprise; therefore, Defendant McBrayer may be held liable in his individual capacity as an "employer" for Alpha's FLSA violations.

12. Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing of this Complaint.

13. Defendants employed Plaintiff as a medical assistant at Defendants' medical office in Marietta, Georgia.

14. Plaintiff was a non-exempt employee within the meaning of the FLSA throughout his employment with Defendants and was subject to the overtime provisions of the FLSA. Other current and former employees of Defendants performed similar non-exempt duties and were compensated in a manner similar to Plaintiff.

15. Throughout his employment, Plaintiff regularly worked hours in excess of 40 hours per workweek for which Defendants failed to compensate him properly. Plaintiff's supervisor was aware of the hours Plaintiff worked for which he was not properly compensated.

16. Plaintiff was deprived of compensation to which he is entitled through Defendants' custom, policy, and/or practice of failing to compensate non-exempt employees at the overtime rate – *i.e.*, a rate of pay equal to one and one-half times

their regular rate – for all hours worked over 40 within each workweek in violation of the FLSA.

17. Additionally, Plaintiff was deprived of compensation to which he is entitled through Defendants' custom, policy, and/or practice of failing to credit and pay non-exempt employees for all time worked – specifically, Defendants' custom and/or practice of routinely requiring non-exempt employees to perform compensable work during meal breaks for which time was automatically deducted.

18. As a result of these customs, policies, and/or practices, Defendants failed to credit and pay Plaintiff properly for all overtime hours he worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

19. Defendants have willfully and intentionally failed and/or refused to compensate Plaintiff and other current and former non-exempt employees in accordance with the FLSA.

20. To avoid suspicion and inquiry by employees regarding their entitlement to overtime compensation for hours worked over 40 within each workweek, Defendants willfully and intentionally misrepresented to Plaintiff and other current and former non-exempt employees their entitlement to overtime compensation and, in an attempt to conceal that entitlement, Defendants failed to post the required notice informing employees of their overtime pay rights.  Plaintiff

and similarly situated current and former employees reasonably relied upon Defendants' misrepresentations and because of those misrepresentations were unable to determine their entitlement to overtime pay and the proper compensation owed to them in accordance with the FLSA through the exercise of reasonable diligence.

21.     As a result of Defendants' actions in fraudulently concealing their employees' entitlement to overtime compensation, the applicable statute of limitations is tolled for as long as Defendants engaged in the fraudulent and misleading conduct set forth above, which is a period of at least nine years. Defendants are estopped from raising such statute of limitations as a bar.

22.     Plaintiff has retained The Weiner Law Firm LLC to represent him in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

### *Collective Action Allegations*

23.     Numerous current and former employees of Defendants exist who are similarly situated to Plaintiff, were denied proper compensation in violation of the FLSA, and who would benefit from issuance of Court-supervised notice of this lawsuit.  Those similarly situated current and former employees are known to Defendants and are readily identifiable and locatable through Defendants' records.

24. Those current and former employees similarly situated to Plaintiff include all individuals employed by Defendants in non-exempt positions including, but not limited to, medical assistants, office assistants, and similar positions[1] at Defendants' medical office in Marietta, Georgia who worked in excess of 40 hours during one or more workweeks during any pay period falling within three chronological years immediately preceding the filing of this Complaint and continuing thereafter through the date on which final judgment is entered in this action.

25. Plaintiff consents to participate in this collective action. Plaintiff's consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

**(Overtime Compensation Due Under 29 U.S.C. § 207)**

26. Plaintiff re-alleges paragraphs 1 through 25 above and incorporates them here by reference.

27. By engaging in the conduct described above, Defendants failed to pay Plaintiff and all similarly situated individuals at a rate of pay not less than one and

---

[1] Upon information and belief, Defendants did not provide many of their employees with formal job titles.

one half times their regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

28. Specifically, Defendants failed to properly compensate Plaintiff and similarly situated current and former employees for all overtime hours worked through their custom, policy, and/or practice of failing to compensate non-exempt employees at the overtime rate – *i.e.*, a rate of pay equal to one and one-half times their regular rate – for all hours worked over 40 within each workweek in violation of the FLSA.

29. Additionally, Defendants failed to properly compensate Plaintiff and similarly situated current and former employees for all overtime hours worked through their custom, policy, and/or practice of routinely requiring non-exempt employees to perform compensable work during meal breaks for which time was automatically deducted.

30. Defendants' actions in failing to compensate Plaintiff and persons similarly situated in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff and similarly situated individuals.

31. As a result of Defendants' violation of the FLSA, Plaintiff and all similarly situated individuals are entitled to recover their unpaid overtime

compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court award Plaintiff and all similarly situated individuals:

i. damages in the amount of their respective unpaid overtime wages, according to proof, and pursuant to the FLSA;

ii. an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

iii. prejudgment interest;

iv. costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

v. reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

vi. such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which he has a right to a jury.**

DATED: July 27, 2012

                      By:   s/ Andrew L. Weiner
                           Andrew L. Weiner
                           Georgia Bar No. 808278
                           Stacy L. Rushing
                           Georgia Bar No. 557370
                           THE WEINER LAW FIRM LLC
                           3525 Piedmont Road
                           7 Piedmont Center
                           3rd Floor
                           Atlanta, GA  30305
                           (404) 254-0842 (Tel. & Fax)
                           aw@andrewweinerlaw.com

                           COUNSEL FOR PLAINTIFF